### R. S. HARMON ET AL v. JOHN ROSS' ADMR.

**Bills and Notes—Payment to Administrator for Rent—Demurrer.**
A note was given the administrator for rent of decedent's property, and upon suit being brought, appellants resist payment upon the ground of a possibility of having to make payment to the heirs for the same debt. Held that a demurrer to this answer was improperly overruled.

**Same—Payment.**
A payment to a duly qualified administrator is a payment to the heirs of the estate.

**Same—Administrator's Bond.**
Devisees seeking to recover payment of rent to an administrator would be required to exhaust their remedy against the sureties of the administrator before calling on the tenant for reimbursement.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

December 1, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought on a note executed by appellants to appellee as administrator of John Ross, deceased, for the rent of a farm and ferry of said decedent for the year 1867.

Appellants entered upon the farm and had the undisturbed use of it and the ferry during the time for which they rented them, but controverted the right of appellee to recover on the ground

that the decedent died intestate, leaving two daughters and two grand-children his heirs, and that the administrator had no authority to rent out the farm and ferry, of which fact they were ignorant when they rented them, but they do not allege any facts conducing to show that they will be in danger of having the rent to pay to the heirs after they shall have paid it to appellee, and fail by their pleadings to bring the heirs before the court, and to have them interplead, so as to have the question judicially settled to whom the money should be paid.

After a demurrer to the answer was overruled, the issues presented were referred to a jury, who returned a verdict in favor of appellee, and a judgment was rendered in conformity. And appellant's motion for a new trial having been overruled, they ask a reversal in this court.

The instructions given to the jury are inconsistent and irreconcilable with each other. And it may be said that taking them as the law of the case, a verdict for either party might be against the law as thus expounded. If, therefore, the judgment upon the whole case as presented is right, this court should not reverse it.

There is no averment in the answer that the administrator, who sues, is insolvent, and no facts alleged from which it appears that appellants will be made responsible to the heirs after they shall have paid the money to the administrator. The answer may be true, and the adult heirs and the guardian of those who are infants may have approved and ratified the contract made with the administrator for the rent.

Besides, the administrator and his sureties are required by the form of his bond, prescribed by the statute, to covenant among other things, that the administrator shall make a just and true account of all his actings and doings, and will well and truly make a proper distribution of any surplus money, effects and *rents* which may come to his hands, or to any one for him *by color of his office, to the persons entitled thereto.*

As, therefore, these rents when collected will have come to the hands of said administrator by color of his office, and he and his sureties will be liable on his administration bond (assuming as we must do that the county court required him to execute a bond in the prescribed form) to the distributees for the same, and having their remedy on the bond, they would at least be required to exhaust that remedy before they could look to appellants, even if they would in any event be made responsible.

In this view of the case the answer presented no defense to the action, and the appellee's demurrer should have been sustained to it.

The judgment, therefore, being right on the case as presented, is *affirmed*.

*Greer, for appellants.*

*Craddock & Trabue, for appellee.*